UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLLISION SCIENCES, INC.

    Petitioner/Counter-Respondent,

v.

BOSCH AUTOMOTIVE SERVICE SOLUTIONS, INC.

    Respondent/Counter-Petitioner.

Civil Action No: 2:25cv11026

Hon. Judge Jonathan J.C. Grey

Hon. Mag. Judge Elizabeth A. Stafford

## MEMORANDUM IN RESPONSE TO BOSCH'S OPPOSITION TO CSI'S PETITION TO VACATE OR MODIFY THE ARBITRATION AWARD AND IN OPPOSITION OF BOSCH'S PETITION TO CONFIRM THE ARBITRATION AWARD

## INTRODUCTION

This Court should vacate the Award because it represents a fundamental departure from both the parties' agreement and well-established legal standards. The Arbitrator exceeded the authority granted under the End User Licensing Agreement ("EULA") by imposing relief on individuals who were never parties to the arbitration and whose inclusion was never contemplated by the contract. Arbitration is a creature of consent, and an arbitrator's power is strictly confined to the boundaries set by the parties. When an award reaches beyond those boundaries—as this one plainly does—it cannot stand.

Equally fatal is the Arbitrator's decision to grant injunctive relief without any finding of irreparable harm. This omission is no minor oversight; it strikes at the heart of long-settled legal doctrine. Irreparable harm is an essential requirement of equitable relief, and it cannot be established solely by the existence of a breach of contract. The Arbitrator's failure to apply this settled rule—despite it being clearly presented—amounts to a manifest disregard of the law. Arbitrators may generally be entitled to substantial deference, but that deference is not unlimited. Where, as here, an award disregards both the parties' agreement and the law, vacatur is not only warranted—it is necessary to preserve the integrity of the arbitral process.

## LAW AND ARGUMENT

### I. THE ARBITRATOR EXCEEDED HIS AUTHORITY BY GRANTING INJUNCTIVE RELIEF BEYOND THE SCOPE OF THE EULA.

The Award must be vacated because the Arbitrator exceeded the scope of his authority under the EULA. Bosch's arguments to the contrary are entirely misguided. By relying exclusively on cases that pertain to how courts issue injunctions—none of which involve arbitration—Bosch has fundamentally misconstrued the issue. Its argument ignores the critical distinction that "[a]rbitrators ***'derive their authority from the parties' contract and arbitration agreement*** ... [and] are bound to act within those terms.'" *Muskegon Cent. Dispatch 911 v. Tiburon, Inc.*, 652 F. Supp. 2d 862, 867 (W.D. Mich. 2009), *aff'd and remanded*, 462 F. App'x 517 (6th Cir. 2012) (quoting *Gordon Sel–Way, Inc. v. Spence Bros.*,

2

*Inc.*, 438 Mich. 488, 475 N.W.2d 704 (1991)) (emphasis added). As such, an arbitrator's authority to issue an injunction is neither automatic nor limitless; rather, the authority to grant injunctive relief, if any, and the scope of that authority, explicitly depends on the language of the parties' agreement. *Singh Mgmt. Co., LLC v. Singh Dev. Co., Inc.*, 774 F. App'x 921, 922 (6th Cir. 2019) (noting that the extent of an arbitrator's authority to grant injunctive relief is dictated by the parties' arbitration agreement). Consequently, to stay within the scope of their authority, arbitrators must abide by the language of the parties' agreement in fashioning any form of relief. *See, e.g., Muskegon Cent. Dispatch 911 v. Tiburon, Inc.*, 652 F. Supp. 2d 862, 869 (W.D. Mich. 2009) (quoting *Detroit Auto. Inter–Insurance Exch. v. Gavin*, 416 Mich. 407, 331 N.W.2d 418, 430 (1982)) ("By ignoring express and unambiguous contract terms, arbitrators run an especially high risk of being found to have 'exceeded their powers.'").

The EULA is unambiguous that only CSI is a party, not its employees, officers, or agents, and certainly not any third parties using the Bosch software. See Petition, Exhibit C, at § 1. The EULA explicitly clarifies that "You" refers to CSI as a company, and that a breach could entitle "Bosch to obtain a preliminary and/or permanent injunction ***against You***." *Id.* at § 8.1 (emphasis added). Injunctive relief is not addressed in any other provision of the EULA, nor is any form of individual

3

liability on CSI employees, officers, or agents, much less any third parties, mentioned anywhere in the agreement.

It is telling that Bosch cannot cite a single provision in the EULA that purports to bind CSI's employees, officers, agents, or any third parties to the agreement. Arbitrators derive their authority from the governing arbitration agreement, and the EULA here provides no such authority to bind CSI's employees, officers, agents, or third parties. An arbitrator may not simply add words to an agreement to fashion relief not contemplated by the parties. *Muskegon Cent. Dispatch 911*, 652 F. Supp. 2d at 869 (finding that "[b]y adding words to make the escalation process the obligation of just one party … the Arbitrator exceeded the scope of his authority."). Nor may an arbitrator stray from the language of the parties' agreement to "dispense his own brand of industrial justice.'" *Major League Baseball Players Assn. v. Garvey*, 532 U.S. 504, 509, 1015, 121 S. Ct. 1724, 149 L. Ed. 2d 740 (2001). As such, it is abundantly clear that the Arbitrator exceeded the scope of his authority in enjoining not only CSI, but CSI's employees, officers, agents, or any third party.

If the Court declines to vacate the Award, CSI respectfully requests that it be modified to either clarify or exclude the individuals currently encompassed within the scope of the injunction. As detailed in CSI's Petition, the individual liability of CSI's employees, officers, or agents was neither raised nor contemplated at any point during the parties' more than three years of arbitral proceedings. Because this issue

was never submitted to the Arbitrator for decision, modification is warranted under 9 U.S.C. § 11(b). CSI respectfully requests that the Award be modified to remove the individuals or, at a minimum, clarify that any injunctive relief applies solely to them in their representative capacities on behalf of CSI. As the Supreme Court recognized in *Hartford-Empire Co. v. United States*, "[i]f the individual defendants are officers or agents they will be comprehended as such by the terms of the injunction. If any of them cease to be such, no reason is apparent why he may not proceed, like other individuals, to prosecute whatever lawful business he chooses free of the restraint of an injunction. *Hartford-Empire Co. v. United States*, 323 U.S. 386, 434, 65 S. Ct. 373, 396, 89 L. Ed. 322, *supplemented*, 324 U.S. 570, 65 S. Ct. 815, 89 L. Ed. 1198 (1945). Consistent with this principle, should the Court not vacate the Award, it should be modified to reflect that the injunction binds individuals only insofar as they act on behalf of CSI—not in their personal capacities. For these reasons, CSI respectfully requests that this Court vacate the Award or, in the alternative, modify it to remove or clarify its parameters with respect to the listed individuals.

## II. THE ARBITRATOR MANIFESTLY DISREGARDED THE LAW IN ISSUING A PERMANENT INJUNCTION WITHOUT FINDING ANY HARM.

The Arbitrator likewise manifestly disregarded the law in issuing his Award. Bosch attempts to support its position by citing various excerpts from the Award, contending that they reflect factual findings of irreparable harm. However, this

5

argument fundamentally misinterprets the plain text of the Award. Bosch conveniently overlooks the established rule that "[a] breach of contract, by itself, does not establish that a party will suffer an irreparable injury." *Thermatool Corp. v. Borzym*, 227 Mich. App. 366, 377, 575 N.W.2d 334 (1998). And that is exactly what the Award did—it focused solely on factual findings of a breach, without any legitimate discussion of irreparable harm.

Specifically, the Award detailed the following factual findings: (i) CSI used the CSR Software to confirm the accuracy of and update its own data, (ii) CSI had breached the agreement throughout the proceedings, and (iii) CSI's breaches occurred within the confines of its private offices. See Award, p. 7-8. Notably, none of these findings address any form of harm. The Award's only reference to harm was a vague observation that it was "difficult for Bosch to ascertain … which, *if any*, potential customers may be impacted."[1] *Id.* at p. 8 (emphasis added). Put differently, the only reference to any form of harm was entirely speculative and theoretical—which Michigan courts consistently find insufficient to establish irreparable harm. *Wise Man Brewing, LLC v. Three Bridges Distillery & Taproom, LLC*, 599 F. Supp. 3d 586, 592 (E.D. Mich. 2022) (quoting *Mich. Coal. of*

---

[1] Indeed, as established in CSI's opening memorandum Bosch admitted at the hearing that it has no evidence of any customers being impacted or that it has lost even a single dollar of profit. *See* CSI's Opening Memorandum [ECF No. 1-7] at 18-19.

*Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)) (stating that the moving party "must show that irreparable harm is 'both certain and immediate, rather than speculative or theoretical.'").

The requirement that a party demonstrate actual injury to establish irreparable harm is not a debatable proposition—it is a firmly entrenched legal standard that is "clearly defined and not subject to reasonable debate." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000). CSI directly and clearly presented this controlling principle in both of its post-hearing briefs. See Petition Exhibits G, H. The Arbitrator was therefore fully apprised of the governing law yet deliberately disregarded it, consciously "refus[ing] to heed" its clear mandate. *Dawahare*, 210 F.3d at 669. Because the Arbitrator ignored binding precedent despite being made expressly aware of it, the issuance of injunctive relief constitutes a textbook example of manifest disregard of the law. CSI therefore respectfully requests that this Court vacate the Award.

## **CONCLUSION**

For the reasons set forth herein, CSI respectfully requests that this Court vacate or, in the alternative, dismiss the Award, dismiss Bosch's Petition to Confirm the Award, and grant CSI any other relief this Court deems equitable and just.

                          Respectfully submitted,

                          VARNUM LLP
                          Attorneys for Petitioner

Dated:  May 22, 2025          By:  */s/ Timothy P. Monsma*
                                        Timothy P. Monsma (P72245)
                                        Hannah A. Cone (P87285)
                                        P.O. Box 352
                                        Grand Rapids, MI 49501-0352
                                        (616) 336-6830
                                        tpmonsma@varnumlaw.com
                                        hacone@varnumlaw.com

27409488